**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AMJAD ABDELSALEM ALI ALABED; SAMAH HUSSEIN, | No. 15-16067 |
| Plaintiffs-Appellants, | D.C. No. 1:13-cv-02006-SKO |
| v. | MEMORANDUM* |
| JONATHAN CRAWFORD; ALEJANDRO MAYORKAS; JEFFERSON B. SESSIONS III, Attorney General, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Argued and Submitted May 17, 2017
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and SILVER,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

Appellants Amjad Abdelsalem Ali Alabed and Samah Hussein filed suit to challenge the Board of Immigration Appeals' ("BIA") determination that Alabed is ineligible to be the beneficiary of an I-130 immediate-relative visa petition because he previously entered into a fraudulent marriage. They now appeal the district court's grant of summary judgment in favor of Defendants United States Citizenship and Immigration Services ("USCIS") and the BIA. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment. *Wang v. Rodriguez*, 830 F.3d 958, 960 (9th Cir. 2016). We may set aside an agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We review de novo constitutional due process challenges to immigration decisions. *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 377 (9th Cir. 2003).

First, the BIA's denial of Appellants' I-130 petition was not arbitrary and capricious. Its determination that Alabed had entered into a fraudulent marriage with Lourdes Murillo was supported by substantial evidence. A petitioner seeking an immediate-relative visa bears the burden of proving that the intended beneficiary is eligible to receive such a visa. 8 U.S.C. § 1361. If USCIS determines that an individual has entered into a fraudulent marriage for the purpose

of evading the immigration laws, that individual is statutorily barred from receiving an immediate-relative visa. 8 U.S.C. § 1154(c). Under 8 C.F.R. § 204.2(a)(1)(ii), "[t]he director will deny a petition for immigrant visa classification filed on behalf of any alien for whom there is substantial and probative evidence of . . . an attempt or conspiracy" to enter into a marriage for the purpose of evading the immigration laws. Although the government bears the initial burden of producing evidence of marriage fraud, the burden then shifts back to the petitioner to establish that the marriage is bona fide and to rebut the evidence of fraud. *In re Kahy*, 19 I. & N. Dec. 803, 806-07 (BIA 1988).

Alabed and Murillo submitted very little documentation in support of their I-130 petition, and Alabed and Murillo gave inconsistent answers to certain questions during their interviews. When Murillo was confronted with these inconsistencies, she admitted the marriage was fraudulent and provided USCIS with a sworn statement attesting that Alabed had paid her to enter into the marriage. Moreover, USCIS obtained a police report in which Alabed mentioned his girlfriend, Gina Botello. Botello provided a sworn statement to USCIS indicating that she had been in a romantic relationship with Alabed since June 1998, prior to Alabed's marriage to Murillo. The romantic relationship between Alabed and Botello was confirmed by PG&E records showing that the two lived

3

together from 1999 until 2000.  This was substantial and probative evidence of

marriage fraud.  Appellants did not successfully rebut this evidence or establish

that Alabed's marriage to Murillo was bona fide.  The BIA reasonably determined

that the new declarations from Botello and Murillo were not credible and that the

declarations from friends and family were not inconsistent with a sham marriage.

*See Malhi v. INS*, 336 F.3d 989, 994 (9th Cir. 2003) ("[A]n applicant must offer

evidence that is probative of the motivation for marriage, not just the bare fact of

getting married.").

Second, Appellants did not have a due process right to cross-examine

Botello, Murillo, or the USCIS officers who interviewed Botello and Murillo.

Appellants rely on *Ching v. Mayorkas*, 725 F.3d 1149 (9th Cir. 2013), in which we

held that an I-130 petitioner and his beneficiary spouse had a due process right to

cross-examine the beneficiary spouse's ex-husband.  *Id.* at 1159.  But a case-

specific analysis of the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319

(1976), leads to a different result in this case.  In *Ching*, USCIS based its marriage

fraud determination solely on a six-sentence statement from an ex-spouse, and the

petitioners submitted compelling rebuttal evidence.  725 F.3d at 1158.  Here, by

contrast, USCIS relied on evidence other than Murillo's sworn statement in making

its marriage fraud determination, and Appellants' rebuttal evidence was less

compelling.  The risk of erroneous deprivation is therefore far lower than it was in *Ching*.  Furthermore, Appellants had access to and submitted declarations from the very witnesses they wish to cross-examine.  It is therefore unlikely that cross-examination would significantly reduce the risk of erroneous deprivation.

**AFFIRMED.**